| DISTRICT COURT OF THE VIRGIN ISLANDS |
|--------------------------------------|
| DIVISION OF ST. CROIX                |

PASCAL BEHARRY,

                    **Plaintiff,**                  **2003-CV-0113**

  **v.**

**HOVIC and HOVENSA,**

                    **Defendants.**

TO:    Lee J. Rohn, Esq.
         C. Beth Moss, Esq.

## ORDER REGARDING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER ENTERED DECEMBER 6, 2006[,] CLARIFYING AND AMENDING MAY 15 2006 [sic] ORDER DENYING PLAINTIFF'S MOTION TO COMPEL HOVIC

THIS MATTER is before the Court upon Plaintiff Pascal Beharry's Motion For Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006[,] Clarifying and Amending May 15 2006 [sic] Order Denying Plaintiff's Motion to Compel HOVIC (Docket No. 198). Defendant HOVIC filed an opposition to said motion, and Plaintiff filed a reply thereto.

**Procedural History**

Plaintiff filed Motion to Compel HOVIC on December 29, 2005. Plaintiff moved for more complete responses to Interrogatory Nos. 1-3 and 6-19 as well as Demand for Production Nos. 2-4, 9-14, and 16-18. On May 15, 2006, the undersigned found that

*Beharry v. HOVIC and HOVENSA*
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 2

information "regarding positions that were filled without being posted" were outside the scope of discovery as Plaintiff had not communicated his interest in the non-posted positions to HOVIC. *Id.*     The District Judge ruled on November 27, 2006, on appeal, that "[Plaintiff's] willingness to accept such temporary assignments can be viewed as an attempt . . . to convey to HOVIC his interest in a promotion . . . .   Thus, discovery as to positions to which [Plaintiff] claims that he was not promoted for discriminatory reasons that were filled without being posted is relevant." *Id.* at 2.   He further ruled that "the Magistrate Judge did not draw specific connections between the scope of discovery and the particular information that Plaintiff sought . . . ." *Id.*   Nor did "the Magistrate Judge identify which discovery requests were duplicative . . . ." *Id.*   The District Court also directed the Magistrate to indicate which discovery requests are "more properly directed to HOVENSA." *Id.*

On December 6, 2006, the undersigned entered an order clarifying and amending said previous order.   In his order, the undersigned broadened the scope of discovery to include the positions of Acting Superintendent and Manager, stating Plaintiff alleged in his complaint "that he 'had to fill in as Acting Superintendent and Manager . . . .'" Order Clarifying and Amending at 1 (citing Motion at 8).   Additionally, the undersigned found

*Beharry v.* HOVIC and HOVENSA
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 3

the time period applicable to said "'discrimination' discovery" is '97 through October '98. Order Clarifying and Amending at 2.  Finally, the undersigned amended Order Denying Plaintiff's Motion to Compel HOVIC by granting said motion in part and denying in part.

Plaintiff asks this Court to reconsider its Order Clarifying and Amending, entered on December 6, 2006, on the grounds that "these rulings do not fairly reflect the legal conclusions reached by the District Court . . . ."  Motion at 2.  Additionally, Plaintiff states "'the Magistrate did not draw specific connections between the scope of discovery and the particular information that [Plaintiff] sought to compel in the various interrogatories and demands for production' as required by the District Court."  *Id*. (citing Order of November 27, 2006, at 2).  And, Plaintiff alleges that this Court "failed to identify any other discovery request that is duplicative . . . ."  *Id*.  Specifically, Plaintiff asks this Court to reconsider:

> [its] determinations that HOVIC's responses to Interrogatories 1 through 3, 18, and 19, and to Demand for Production 16, are adequate; that HOVIC need not respond to Interrogatories 6, 7, and 12, or Demands for Production 12, 14, and 17 (sic) through 19 (sic); and that HOVIC's responses to Interrogatories 15 through 19 and Demands for Production 2 through 4, 10, 11, 13, 17, and 15 (sic) shall cover only 'the period of 1997 through October 1998.' . . . Plaintiff finally seeks reconsideration of the Magistrate's ruling that HOVIC is not required to respond to Interrogatories 15 through 17 or Demands 3, 4, 9 through 11 and 13 with regard to the position of Supervisor.

Motion at 4 (internal citation omitted).

*Beharry v. HOVIC and HOVENSA*
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 4

## Discussion

It is clear that "[t]he purpose of a motion for reconsideration 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Malpere v. Ruyter Bay Land Ptnrs, LLC*, No. 2003-132, 2005 U.S. Dist. LEXIS 14164 at 2-3 (D.V.I. 2005) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Local Rule 7.4 states "[a] party may file a motion . . . to reconsider an order . . . [and it] shall be based on: 1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.4. The, "standard of review for a motion to reconsider is whether there has been an abuse of discretion." *Worbetz v. Ward N. Am.*, 54 Fed. Appx. 526, 531 (3d Cir. 2002).

Additionally, "[a] motion for reconsideration 'is not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Malpere*, 2005 U.S. Dist LEXIS at 3 (citing *Bostic v. AT&T of the Virgin Islands*, 312 F.Supp. 2d 731, 733, 45 V.I. 533 (D.V.I. 2004)). Finally, "Local Rule 7.4 affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought

*Beharry v. HOVIC and HOVENSA*
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 5

reflexively or used as a substitute for appeal.'" *Malpere*, 2005 U.S. Dist Lexis at 3 (citing *Bostic*, 312 F.Supp. 2d at 733).

In his brief, Plaintiff submits no newly discovered evidence nor any intervening change in controlling law. Accordingly, this Court may grant Plaintiff's Motion to Reconsider only upon a finding of clear error or manifest injustice.

## Regarding Whether HOVIC's Responses to Interrogatories 1 through 3, 18, and 19, and Demand for Production 16 are Adequate

Regarding the aforementioned interrogatories and demand for production, Plaintiff expresses disagreement and the belief that the undersigned has ruled arbitrarily in Defendant's favor. Per the ruling in *Bostic*, "clear error or manifest injustice does not exist when a litigant merely disagrees with the court." *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 735 (D.V.I. 2004) (citation omitted). Furthermore, Plaintiff cites neither authority nor reasoning contradicting the Court's holding that demonstrates clear error or manifest injustice.

Accordingly, Plaintiff's Motion to Reconsider whether HOVIC adequately responded to Interrogatory Nos. 1-3, 18, and 19, and Demand for Production No. 16 is denied.

*Beharry v. HOVIC and HOVENSA*
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 6

### Regarding Whether HOVIC Need Not Respond to Interrogatories 6, 7, and 12, or Demands for Production 12, 14, and 17 [sic] through 19 [sic]

Regarding the aforementioned interrogatories and demands for production covered under this subheading, generally speaking, Plaintiff cites neither authority nor reasoning contradicting the Court's holding that demonstrates clear error or manifest injustice.  As mentioned, mere disagreement is insufficient to sustain a Motion to Reconsider.

Additionally, on remand Judge Finch indicated that the Magistrate Judge should "identify which discovery requests were duplicative of . . . other discovery requests . . . ." Order at 2.  Regarding Demand for Production Nos. 12 and 19, Plaintiff's Motion to Compel was denied because "[t]he demand[s] [are] grossly overly broad, burdensome, cumulative, and duplicative."  Order Clarifying and Amending at 7-8.  In compliance with Judge Finch's orders, said discovery requests were propounded to HOVENSA, and HOVENSA has responded.  *Id.* at 8.

Plaintiff has failed to demonstrate clear error or manifest injustice.  Accordingly, Plaintiff's Motion to Reconsider whether HOVIC need not respond to Interrogatory Nos. 6, 7, and 12, and Demand for Production Nos. 12, 14, and 17 [sic] through [19] sic is denied.

*Beharry v. HOVIC and HOVENSA*
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 7

**Regarding Whether HOVIC's Responses to Interrogatories 15 through 19 and Demands for Production 2 through 4, 10, 11, 13, 17, and 15 [sic] shall cover only the period of 1997 through October 1998**

Plaintiff requests that the undersigned "review his ruling arbitrarily limiting the relevant time period" applicable to the scope of discovery for the above mentioned interrogatories and demands for production.  Motion at 15.  However, Plaintiff "does not explain *why* he believes the Magistrate's Judge's limitation and explanation . . . is contrary to law. . . ."  Opposition at 14.  Additionally, Plaintiff alleges, in his Motion to Compel, that HOVIC practiced discrimination against him that "began . . . in 1997."  Motion to Compel at 1.   Again, Plaintiff's Motion for Reconsideration may not be granted absent a showing of clear error or manifest injustice.   Plaintiff cites neither authority nor reasoning contradicting the Court's holding that demonstrates clear error or manifest injustice.

Accordingly, Plaintiff's Motion to Reconsider whether HOVIC's responses to Interrogatory Nos. 15 through 19, and Demand for Production Nos. 2 through 4, 10, 11, 13, 17, and 15 [sic] shall cover only the period of 1997 through October 1998 is denied.

**Regarding Whether HOVIC is not required to respond to Interrogatories 15 through 17 or Demands 3, 4, 9 through 11 and 13 with regard to the position of Supervisor**

On remand, Judge Finch indicated that Plaintiff "frequently took temporary assignments acting in a higher position than his regular position."   Order at 2.

*Beharry v.* HOVIC and HOVENSA
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 8

Additionally, "[Plaintiff's] willingness to accept such temporary assignments can be viewed as an attempt . . . to convey . . . his interest in a promotion . . . .  Thus, discovery as to positions to which [Plaintiff] claims that he was not promoted for discriminatory reasons . . . is relevant."  *Id*.

Plaintiff now seeks reconsideration of the above mentioned interrogatories and demands for production as to the position of Supervisor.  Plaintiff states "that in 1997 he was finally promoted to the position of Supervisor Area I. . . . It is Plaintiff's position that . . . Plaintiff was . . . qualified for the position of Supervisor . . . and would have been promoted [sooner] if not for illegal discrimination based on race and national origin."  Motion to Compel at 8.  Furthermore, Plaintiff's Complaint alleges "[Plaintiff] then had to fill in as Acting Superintendent and Manager . . . [and] again was not paid for that work."  Complaint at 2.  However, Plaintiff then alleges HOVIC practiced discrimination against him that "began . . . in 1997."  Motion to Compel at 1.  Given the contradictory nature of Plaintiff's statements, Plaintiff has failed to demonstrate clear error.

Accordingly, Plaintiff's Motion to Reconsider whether HOVIC is not required to respond to Interrogatory Nos. 15 through 17, or Demand for Production Nos. 3, 4, 9 through 11 and 13 with regard to the position of Supervisor is denied.

*Beharry v. HOVIC and HOVENSA*
2003-CV-0113
Order Denying Plaintiff's Motion for Partial Reconsideration of Magistrate Judge's Order Entered December 6, 2006
Page 9

WHEREFORE, based upon the foregoing, it is now hereby **ORDERED**:

1.     Plaintiff Pascal Beharry's Motion For Partial Reconsideration of Magistrate

Judge's Order Entered December 6, 2006, Clarifying and Amending May 15,

2006 [sic] Order Denying Plaintiff's Motion to Compel HOVIC (Docket No.

198) is **DENIED**.

2.     The Court's Order Clarifying and Amending May 15, 2006, Order Denying

Plaintiff's Motion to Compel HOVIC (Docket No. 191) is **AFFIRMED**.

ENTER:

Dated: July 2, 2007                                      _____/s/_____
                                                        GEORGE W. CANNON, JR.
                                                        U.S. MAGISTRATE JUDGE